UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES SCOTT,<br><br>        Plaintiff,<br><br>    v.<br><br>LAPORTE COUNTY COMMUNITY CORRECTIONS, BROWN, and ATWATER,<br><br>        Defendants. | CAUSE NO. 3:20-CV-476-DRL-MGG |

OPINION & ORDER

Charles Scott, a prisoner without a lawyer, filed this case. He didn't pay the filing fee, and he is barred from proceeding *in forma pauperis* "unless [he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Mr. Scott is subject to this restriction because he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* This is commonly known as the "three strikes" provision. Mr. Scott has 3 strikes:

    (1) *Scott v. State of Indiana*, 3:19-CV-957 (N.D. Ind. filed October 28, 2019), dismissed November 5, 2019, pursuant to 28 U.S.C. § 1915A because the State of Indiana was immune from suit and the complaint did not state a claim for which relief could be granted against the other defendants;

    (2) *Scott v. LaPorte County Community Corrections*, 3:19-CV-054 (N.D. Ind. filed January 13, 2020), dismissed March 4, 2020, pursuant to 28 U.S.C. § 1915A for failure to state a claim; and

    (3) *Scott v. LaPorte County Jail*, 3:19-CV-798 (N.D. Ind. filed September 20, 2019), dismissed March 4, 2020, pursuant to 28 U.S.C. § 1915A for failure to state a claim.

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d

1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, the complaint vaguely describes two past events: one that occurred on April 23, 2020, and another on May 5, 2020. Nothing in the complaint alleges that he faces a genuine emergency or that he is in imminent danger of serious physical injury. Therefore, he may not proceed *in forma pauperis*. He must pay the full filing fee before he can proceed with this lawsuit.

For these reasons, the court GRANTS Charles Scott until **July 8, 2020** to pay the $400 filing fee; and CAUTIONS him if he does not respond by the deadline, this case will be dismissed without further notice for non-payment of the filing fee.

SO ORDERED.

June 15, 2020                                                        *s/ Damon R. Leichty*
                                                                               Judge, United States District Court